BOARDMAN, Judge.
Appellant, Lonnie D. Gibson, was tried and convicted of possession and sale of ly-sergic acid diethylamide, commonly known *524 as LSD, in violation of Section 893.13, Florida Statutes, of the Florida Comprehensive Drug Prevention and Control Act. He was charged in four separate informa-tions.
In Case No. 74-1409, appellant was charged with possession of the said prohibited drug. It is clear from the record that the LSD possessed in 74-1409 was the same LSD involved in the sale charged in Case No. 74-1407 (first transaction). In Case No. 74—1408, appellant was charged with possession of LSD. It is likewise clear from the record that the LSD that he was alleged to have possessed in Case No. 74-1408, supra, was the same LSD involved in the sale charged in 74-1406 (second transaction).
Counsel for appellant contends that it was reversible error for the trial court to deny his motion for directed verdict made at the conclusion of the state’s case and at the conclusion of all the evidence, and his post-trial motions for new trial and renewed motion for judgment of acquittal. The appellant testified in his own behalf and admitted that he did possess and did sell the contraband referred to herein as the first transaction. The evidence discloses that each of the said offenses occurred on the same day, July 24, 1973, and approximately five minutes apart. Notwithstanding the short period of time between the two offenses, we find that the first and second transactions, supra, were separate and distinct from each other.
Focusing our attention to the evidence adduced at trial to support appellant’s conviction of possession of LSD in connection with the second transaction, we reverse and, therefore, vacate and set aside that judgment and sentence. The evidence discloses that the LSD was in the possession of a third person, one Mitch McKenzie, who was charged with the appellant for said offense, but who is not now before this court. Appellant was tried specifically for possession and sale of 21 tablets of LSD. He was not charged and tried for possession of any other prohibited drugs. The fact that he testified that he had “ . more stuff. . . . ” after the first transaction does not change our opinion. To affirm the judgment and sentence of this charge under such facts would clearly amount to a deprivation of appellant’s individual guaranteed rights under the Constitution of the United States and the Constitution of the State of Florida, i. e., his right of due process of law.
The sale charged in the second transaction, however, is affirmed. We find sufficient competent evidence, even though it was conflicting, upon which the jury of reasonable men could have based its verdict of guilty. The evidence shows that not only was appellant present during the sale negotiation, except during the brief time, approximately two minutes, that Mitch McKenzie was at a nearby residence getting the contraband; but, more importantly, he urged the undercover agent to purchase the strawberry acid from Mitch McKenzie. He was, we opine, an aider and abettor and, consequently, just as guilty as if he were a principal.
As stated previously herein we have vacated and set aside the judgment and sentence rendered in Case No. 74—1408. The remaining three judgments are affirmed, but the casé is being remanded for corrective sentencing for reasons now set out.
In Case No. 74—1408 appellant was sentenced to serve two to five years in the state penitentiary and to the same term of imprisonment in the other cases, said sentences to run concurrently with that rendered in Case No. 74-1408, supra, with credit for time spent in the county jail awaiting trial. It appears that the trial court in its discretion sentenced appellant in accordance with Section 921.18, Florida Statutes, which provides in pertinent part:
. . . The court in its discretion may sentence a defendant convicted of a non-capital felony to the custody of the divi *525 sion of corrections for an indeterminate period of 6 months to a maximum period of imprisonment. . . .
The sentences imposed upon appellant by the trial court did not comply with the above-quoted statutory authority.
On remand we are certain that the trial court will consider the offenses of possession and sale of LSD relating to the first transaction as facets of the same transaction. Therefore, only one sentence is appropriate and that for the higher offense — the sale. See Cone v. State, Fla.1973, 285 So.2d 12, and Yost v. State, Fla.App.3d, 1971, 243 So.2d 469.
In entering a corrective sentence order, the trial court may take such action without the appellant appearing before the court.
Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.
McNULTY, C. J., and GRIMES, J., concur.