368 So.2d 52 (1979)
Douglas Vance DAUDT, Appellant,
v.
STATE of Florida, Appellee.
No. 78-793.
District Court of Appeal of Florida, Second District.
January 31, 1979.
Rehearing Denied March 1, 1979.
Jack O. Johnson, Public Defender, W.C. McLain, Asst. Public Defender, and David A. Davis, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant was charged with and convicted of two offenses: sale and possession of more than five grams of marijuana. We affirm the conviction on the charge of sale, but reverse on the charge of possession.
The facts established at trial were as follows.
*53 Pinellas County Detective Dean La Chance, acting in an undercover capacity, met with Harry Wallace about a future large marijuana transaction. Undercover Agent La Chance represented to Wallace that he was in the market for a hundred pounds and would pay approximately $28,000 for such an amount. A week later at the Wallace residence Wallace informed the agent that his source for the marijuana would arrive at seven o'clock p.m.
Appellant joined La Chance and Wallace at 6:57 and the three men discussed the transaction. Wallace assured the appellant that he had seen La Chance's money in the trunk of the car and the money was right. La Chance then showed appellant $29,000 in the trunk of the vehicle.
The three men re-entered the Wallace residence where appellant made three phone calls to someone identified only as "Mike". Appellant explained over the phone that La Chance was interested in one hundred pounds of marijuana and that the money was right. Appellant, Wallace and La Chance then discussed details of the transaction. Appellant said that if the deal did go down, if his source could raise that much marijuana, it would go smooth and fast.
At one point appellant said his source was nervous because they didn't know La Chance. After the last phone call appellant explained that the source would meet La Chance at a row of storage garages on 13th Avenue South in Gulfport and the deal would be for approximately forty-two pounds. The remaining amount could be obtained later, after mutual trust was established. Appellant computed the price on a piece of paper which was received in evidence.
Appellant told La Chance to follow him. Appellant drove off in his truck and was followed by La Chance and Detective Pasto, another undercover officer, to the row of storage garages. Fifteen minutes later another car pulled up; appellant talked to the driver, Michael Rovenick, and confirmed that the money was right. They then entered the garage.
Rovenick had seen a vehicle across the street  which it later developed was one of the police backup units  and he wanted appellant to act as a lookout. Consequently, appellant did not touch or handle any of the marijuana. Rovenick produced a postal scale from the trunk of his car, calibrated the scale, then brought two white cartons from his car. Rovenick removed a brown bale from each white box, placed them on the scale and allowed La Chance to inspect the quality of the marijuana. The two bales weighed forty-two pounds. Rovenick calculated the purchase price at $12,800. La Chance and Pasto put the two boxes in the trunk of their car and La Chance grabbed a handful of money and put it on the table in the garage. Both Rovenick and appellant started counting it. The two men were then placed under arrest.
After his arrest, appellant was interrogated and admitted that he was in this business for the money. He said he only dealt in marijuana, not other hard stuff. Appellant said he was to be paid for this transaction. He stated that he thought Rovenick had procured the marijuana from some place in Michigan.
Possession may be either actual or constructive. Actual possession exists where the accused has knowing physical possession of a controlled substance. Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). Constructive possession exists where it is shown that the accused knows of its presence and has the ability to maintain control over it or reduce it to his possession although not shown to have it in his physical possession. Dixon v. State, 343 So.2d 1345 (Fla.2d DCA 1977).
There is no evidence whatsoever that appellant ever had actual possession or control of the marijuana. Nor was constructive possession established. Although appellant knew of the presence of the marijuana there is no evidence that it belonged to or was under the control of the appellant. At best, the evidence establishes that appellant brought the parties to the transaction together and expected to be paid for such service. There is no evidence that appellant *54 could have personally carried through with the sale or could have forced Rovenick to consummate the sale. See Gibson v. State, 315 So.2d 523 (Fla.2d DCA 1975); Britton v. State, 336 So.2d 663 (Fla.1st DCA 1976).
The state contends that appellant is guilty of possessing the marijuana by virtue of having aided and abetted Rovenick. See § 777.011, Fla. Stat. (1977). We disagree. Appellant aided and abetted Rovenick in selling the marijuana, but not in possessing it. Rovenick already possessed the marijuana; there is no showing that appellant was of any help to Rovenick in either acquiring it or retaining possession of it. On the contrary, appellant aided Rovenick in divesting himself of it.
Accordingly, the judgment for possession of marijuana cannot stand and must be vacated. The judgment for sale of marijuana is affirmed. Because only a single sentence was entered on both convictions,[1] the cause is remanded for resentencing on the sale count only. Appellant is entitled to be present at the resentencing.
BOARDMAN, Acting C.J., and SCHEB, J., concur.
NOTES
[1] This was a general sentence which is no longer proper and may not be imposed by the trial court. Dorfman v. State, 351 So.2d 954 (Fla. 1977); Darden v. State, 306 So.2d 581 (Fla. 2d DCA 1975); Darden v. State, 330 So.2d 750 (Fla. 2d DCA 1976); see Fundak v. State, 362 So.2d 295 (Fla. 2d DCA 1978).