BOARDMAN, Acting Chief Judge.
The state appeals the trial court’s order dismissing the amended information charging appellee Joe Morse with conspiracy to commit bookmaking. We affirm.
The facts set forth in appellee’s motion to dismiss the amended information are as follows. The state’s only evidence in support of the charge of bookmaking was a cassette recording of a telephone call to appellee from William C. Algood, an employee of the Tampa Dog Track. The call was placed *471 from an official office of the Division of Pari-mutuel Wagering located on the premises of the dog track. The conversation consisted of Algood advising appellee of the results of four races which had been run and how much money appellee and Algood had made on those races. Appellee then directed Algood on what bets to make in the fifth race.
Near the end of the conversation, Joe Beromi, a state inspector, said something in the background to Algood, and Algood then said, “Oh, okay, wait a second, [sic] Hey, we can’t use this phone this way.” When ap-pellee after further conversation told Al-good to call him after the fifth race, Algood stated, “That’ll cost us a box of good cigars.” Appellee then replied, “Alright [sic], for Joe?,” and Algood replied, “Yeah.”
The state filed a traverse to appellee’s motion to dismiss, together with a copy of the telephone conversation. The state also filed a demurrer to the motion to dismiss. Subsequently, appellee filed an amendment to the motion to dismiss together with an affidavit by Algood in which Algood averred that any wagers made by him on behalf of appellee were performed gratuitously, without fee, reward, or other compensation.
Although “bookmaking” is a crime under chapter 849, Florida Statutes (1979), section 849.25(5) excepts pari-mutuel wagering in Florida, as authorized under chapters 550 and 551, from criminal penalty. Section 550.361(6), Florida Statutes (1979) excepts from criminal prosecution any person attending a track or fronton or employed by a track or fronton who places a bet to the legalized pari-mutuel pool for another person, providing that such services are rendered “gratuitously and without fee or reward.”
As noted above, the only evidence which the state had against appellee was the transcript of the intercepted phone call from Algood, and there is no indication within the transcript itself or elsewhere that Al-good was receiving compensation of any kind for placing bets for appellee. Additionally, Algood’s affidavit affirmatively states that he did not receive any gratuity or reward. Because of these facts, appel-lee’s activities fall under section 550.361(6) which excepts from criminal penalty for bookmaking persons who place bets through the legalized pari-mutuel pool for other persons gratuitously. The trial court did not err in dismissing the information against appellee.[1]
Accordingly, the trial court’s order dismissing the information against appellee is AFFIRMED.
GRIMES and DANAHY, JJ., concur.

. Appellee might, however, properly have been charged under section 550.35(1), Florida Statutes (1979), which prohibits the communication or reception of racing information during certain hours.