PARKER, Judge.
Appellant, V.D.B., seeks review of the orders adjudicating him delinquent for sale of cocaine and possession of cocaine. We affirm.
Appellant pleaded guilty to the charge of sale of cocaine and nolo contendere to the possession charge, reserving his right to appeal the trial court’s ruling denying his motion to dismiss which raised double jeopardy grounds. In this appeal, appellant relies upon Carawan v. State, 515 So.2d 161 (Fla.1987) to support his double jeopardy claim.[1] This court, however, cannot undertake the Carawan analysis because the record on appeal is totally inadequate. We have no written motion to dismiss or an order denying said motion in the record. Further, we have no evidence that the trial court conducted a hearing on a motion to dismiss from which we could determine the factual bases underlying the offenses. Thus, there is no means for this court to discern whether a single act was involved in the commission of the offenses.
Appellant has provided only a transcript of a hearing on a motion to dismiss in another case. That other case, however, is factually unrelated to this case in that the two defendants were not codefendants, the offenses were committed on different dates, and each case involved a different controlled substance. Apparently, the only similarity is that each defendant filed a motion to dismiss raising like grounds under double jeopardy principles.
We have not overlooked the case of DiGrazia v. State, 551 So.2d 591 (Fla. 2d DCA 1989). That case held that when a defendant raises a double jeopardy argument by representing that only one quantity of a drug was involved in a single act[2] which underlies both a sale and possession charge, then the state has the burden to prove that two quantities of the drug were involved.[3] Appellant, however, falls woe *486 fully short of bringing this case under DiGrazia when he provided only a charging instrument alleging sale and possession of cocaine on a single date and a transcript of an unrelated case.
We affirm because the appellant failed to provide this court with a record that demonstrates reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). This affirmance is without prejudice for the appellant to seek relief in the trial court.
Affirmed.
CAMPBELL, C.J., and RYDER, J., concur.

. Appellant committed these offenses on May 31, 1988; therefore, chapter 88-131, section 7, Laws of Florida, which overrides Carawan, is not applicable. See State v. Smith, 547 So.2d 613 (Fla.1989).

. Although DiGrazia refers to the fact that only one quantity of drug was involved in the "transaction,” the authorities upon which DiGrazia relies for that statement specifically refer to "one act” or a "single act.” See Carawan v. State, 515 So.2d 161, 170 n. 8 (Fla.1987). See also Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom. State v. Smith, 547 So.2d 613 (Fla.1989).

.Obviously, a double jeopardy argument may be entertained under a Carawan basis only after the defendant, through plea or trial, has been placed in jeopardy under one of the two counts in the charging instrument. The submission of the question of the defendant’s guilt or innocence to the person (judge) or persons (jury) with authority to make that determination constitutes jeopardy. Reyes v. Kelly, 224 So.2d 303 (Fla.1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970).