561 So.2d 453 (1990)
Michael CRISEL, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00016.
District Court of Appeal of Florida, Second District.
May 18, 1990.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Following our recent decision in V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990), we reverse the trial court's denial of appellant's motion to dismiss the charges of possession of cocaine and marijuana, and direct that these charges be dismissed. Because this reversal does not affect the disposition of appellant's convictions for sale of cocaine and marijuana, resentencing is unnecessary.
We certify as of great public importance the question which the specially concurring opinion suggests for certification.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and LEHAN, J., concur.
PARKER, J., concurs specially.
PARKER, Judge, specially concurring.
I agree that this case must be affirmed because of this court's decision in V.A.A. However, I take this opportunity to disagree with V.A.A.
V.A.A., I believe, relying upon Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom. State v. Smith, 547 So.2d 613 (Fla. 1989), held that because of double jeopardy, a defendant cannot be convicted of possession and sale of the same illegal drug. I perceive the court's rationale in V.A.A. to be that a possession charge is always subsumed into a charge of sale based upon section 775.021(4)(b)(3), Florida Statutes (Supp. 1988). I disagree. As our supreme court unanimously recognized in State v. Burton, 555 So.2d 1210 (Fla. 1989):
We held, in State v. Smith, 547 So.2d 613 (Fla. 1989), which applied chapter 88-131, section 7, Laws of Florida, that the legislature intended the following to be separate offenses subject to separate convictions and separate punishments: the sale or delivery of a controlled substance; and possession of that substance with intent to sell. We also held that although chapter 88-131 overrode Carawan v. State, 515 So.2d 161 (Fla. 1987), nevertheless, it is not to be applied retroactively.
Burton, 555 So.2d at 1211 (footnote omitted.) Therefore, I think the supreme court has recognized that the amended statute has overturned the Carawan court's analysis of double jeopardy and that pursuant to the amended statute, there now can be convictions for both the sale and possession of the same illegal drug.
The Florida Standard Jury Instructions strengthens my position. The elements of a sale are listed as:
1. The Defendant sold a certain substance.
2. The substance was a controlled substance.

*454 3. The Defendant had knowledge of the presence of the substance.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Fla.Std.Jury Instr. (Crim.) at 219. Nowhere is the element of possession listed as an element in the crime of sale. The elements of possession, as stated in the jury instructions, are:
1. The Defendant possessed a certain substance.
2. The substance was a controlled substance.
3. The Defendant had knowledge of the presence of the substance.
To "possess" means to have personal charge of or exercise the right of ownership, management or control over the thing possessed.
Possession may be actual or constructive. If a thing is in the hand of or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.
If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.
Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.
Fla.Std.Jury Instr. (Crim.) at 227. Likewise, nowhere is the element of sale listed as an element of the crime of possession.
The line of cases involving this double jeopardy issue began with Carawan v. State, 515 So.2d 161 (Fla. 1987). Subsection 775.021(4), Florida Statutes (1983), was applicable to Carawan; our case involves the same subsection, which the legislature amended in chapter 88-131, section 7, Laws of Florida. Those two versions of the law, in relevant part, provide:

 1983 Act 1988 Act
 775.021 Rules of construction.  775.021 Rules of construction. 
 ... . ... .
 (4) Whoever, in the course of one (4)(a) Whoever, in the course
 criminal transaction or episode, of one criminal transaction or
 commits separate criminal offenses, episode, commits an act or acts
 upon conviction and adjudication of which constitute one or more
 guilt, shall be sentenced separately separate criminal offenses, upon
 for each criminal offense; and the conviction and adjudication of
 sentencing judge may order the guilt, shall be sentenced
 sentences to be served concurrently separately for each criminal
 or consecutively. For the purposes offense; and the sentencing
 of this subsection, offenses are judge may order the sentences to
 separate if each offense requires be served concurrently or
 proof of an element that the other consecutively. For the purposes
 does not, without regard to the of this subsection, offenses are
 accusatory pleading or the proof separate if each offense
 adduced at trial. requires proof of an element
 that the other does not, without
 regard to the accusatory
 pleading or the proof adduced at
 trial.
 (b) The intent of the
 Legislature is to convict and
 sentence for each criminal
 offense committed in the course
 of one criminal episode or
 transaction and not to allow the
 principle of lenity as set forth
 in subsection (1) to determine
 legislative intent. Exceptions
 to this rule of construction
 are:

*455
 1. Offenses which require
 identical elements of proof.
 2. Offenses which are degrees
 of the same offense as provided
 by statute.
 3. Offenses which are lesser
 offenses the statutory elements
 of which are subsumed by the
 greater offense.

I would first note the legislature's following language in both acts:
For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(Emphasis added.) I cannot understand, based upon that language, how the courts in Carawan and Gordon looked in detail at the facts of the case to make a determination regarding double jeopardy. The legislature now has readopted the same language, and it must be assumed that the legislature knew the meaning of the words chosen. Short of a constitutional challenge, it appears that the legislature has slammed the door upon this approach of examining the proof which was to be offered at trial or was in fact offered at trial. If a court cannot look to the proof to determine if the defendant can suffer multiple punishments, it seems to me that any scenario in which a defendant can be found guilty of sale and not guilty of possession of the same drug defeats the rationale of V.A.A.[1]
Crisel pleaded no contest to all charges.[2] Should Crisel have chosen to plead not guilty and proceeded to trial, since no jeopardy *456 can attach until there is jeopardy, the jury would have had to decide Crisel's guilt as to each charge. See V.D.B. v. State, 556 So.2d 484, 485 n. 3 (Fla. 2d DCA 1990). If the statute does not permit the court to analyze the double jeopardy issue based upon how the charges are filed or upon the facts of the case, and there can, in some instances, be a sale without a possession of an illegal drug, then I think there must be separate convictions for sale and possession of the illegal drug in each case involving those two crimes.
This court, in Elias v. State, 301 So.2d 111 (Fla. 2d DCA 1974), cert. denied, 312 So.2d 746 (Fla. 1975), without any Blockburger[3] analysis, recognized that a defendant, after receiving a verdict of acquittal from the court on a possession of heroin charge, can still be found guilty of sale of heroin, without any proof that the defendant ever possessed the heroin. This court found the evidence legally sufficient to convict the defendant as an aider and abetter of the sale. Such a holding appears inconsistent with this court's conclusion in V.A.A. that the elements of possession are subsumed by the elements of sale.
An additional problem I have with the V.A.A. decision is the conclusion that "[t]he exception contained in subsection [775.021](4)(b)(3) is implicated under the facts of the case...." 561 So.2d at 315. V.A.A. involved two sales of cannabis. One sale took place before the effective date of the 1988 amendments to section 775.021, while the other sale occurred after the effective date. V.A.A. does not indicate the amount of cannabis involved in each criminal episode. If Carawan and Gordon are correct and a court can look at the facts of the case, consider the ramifications of V.A.A. if the facts were that V.A.A. possessed and sold a felony amount of cannabis which did not reach a trafficking level (over twenty grams but not in excess of 100 pounds).[4] How does a court apply the V.A.A. holding? The sale and the possession are both third-degree felonies. Subsection 775.021(4)(b)(3) which provides an exception to the legislature's intent that there shall be two convictions and two sentences when "offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." In this scenario selling of a felony amount less than a trafficking amount, there is no greater offense or lesser offense; therefore, how can either offense be subsumed into the other?
The fifth district recently acknowledged conflict with V.A.A. in Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990) and adopts my position that a delivery or a sale of an illegal drug can be accomplished without a possession of that drug. In reaching that position, the fifth district looked to a decision from this court and stated:
But consider an actual case, Daudt v. State, 368 So.2d 52 (Fla. 2nd DCA 1979) cert. denied, 376 So.2d 76 (Fla. 1979) in which the court found that a sale was accomplished without possession. In Daudt the defendant was convicted of sale and possession of marijuana. The defendant had, at the request of a prospective buyer (an undercover police officer), made a phone call to his "source" to obtain marijuana. Defendant and the undercover officer then drove to another location where they met "Mike". The defendant assured "Mike" that the money was right and, at Mike's insistence, *457 remained as a lookout while Mike took the officer to the location of the marijuana. The sale went down and the arrest was made.
The Daudt court held:
There is no evidence whatsoever that appellant ever had actual possession or control of the marijuana. Nor was constructive possession established. Although appellant knew of the presence of the marijuana, there is no evidence that it belonged to or was under the control of the appellant. At best, the evidence establishes that appellant brought the parties to the transaction together and expected to be paid for such service.
* * * * * *
Appellant aided and abetted [Mike] in selling the marijuana, but not in possessing it. [Mike] already possessed the marijuana; there is no showing that appellant was of any help to [Mike] in either acquiring it or retaining possession of it. On the contrary, appellant aided [Mike] in divesting himself of it.

Daudt at 53-54.
Davis, 560 So.2d at 1233.
The bottom line of my reasoning is that the legislature, in amending section 775.021(4), has declared the crimes of possession and sale of an illegal drug separate offenses, without regard to the indictment or information and without regard to the proof offered at trial. Therefore, all analyses of double jeopardy questions must be made by a side-by-side comparison of the elements of the two crimes in question. If this comparison of the two crimes reflects that each offense contains an element that the other does not, then there is no double jeopardy unless the exceptions apply which are listed in section 775.021(4)(b), Florida Statutes (Supp. 1988). If none of the three exceptions under that section apply, then there can be two convictions and two sentences for the two crimes.
I think the following question should be certified to the supreme court as a question of great public importance:
WHEN DECIDING A DOUBLE JEOPARDY ISSUE PURSUANT TO SECTION 775.021(4)(b), FLORIDA STATUTES (SUPP. 1988), IS THE TRIAL OR APPELLATE COURT PERMITTED TO EXAMINE THE FORMAL CHARGES OR THE FACTS OF THE CASE TO MAKE THE DETERMINATION?
NOTES
[1] I conclude that section 775.021 precludes the court from looking at the facts of a case to determine double jeopardy. However, it is interesting to note that one can envision scenarios which clearly reflect how a defendant can be convicted of sale of an illegal drug but cannot be convicted of possession of the same drug.

EXAMPLE ONE:
Runner R operates on the streets of a known drug area in St. Petersburg looking for drug buyers. Seller S always holds the drugs and never releases any to R. Buyer B cruises by in his car and makes contact with R, telling R what B wants to buy and how much B will pay. After the amount and price is discussed, R brings S out to complete the deal, at which time S takes B's money and delivers to B the drug. R is then paid by S for R's assistance.
EXAMPLE TWO:
Broker/arranger A works in Tampa for seller S located in the Grand Cayman Islands. A meets with Buyer B in Tampa in which a one million dollar cocaine transaction is arranged. B sends his employee E to the Grand Cayman Islands with instructions to receive the cocaine. A and B meet in a hotel room where one million dollars is shown. A and B then telephone a location in the Grand Cayman Islands where S and E are standing by. B gives A the money and B telephonically instructs E to accept the cocaine from S, after S has been assured A has the money. The money, after A's commission, is forwarded to S.
In neither of the above examples can R in example one, nor B in example two, be convicted of possession of an illegal drug. Obviously, both are guilty of aiding and abetting a sale under section 777.011, Florida Statutes, and conspiracy to sell illegal drugs. However, as to possession, neither had actual possession of the drug, nor did either have the ability to possess the drug constructively. Further, neither helped commit the crime of possession of the drug under a principal theory. See § 777.011, Fla. Stat. (1987).
[2] Crisel was charged by information with the following crimes:

Count I  sale of cannabis on August 23, 1988;
Count II  sale of cannabis on August 29, 1988;
Count III  Possession of cannabis (misdemeanor amount) on August 29, 1988;
Count IV  sale of cocaine on August 30, 1988;
Count V  possession of cocaine on August 30, 1988;
Count VI  possession of cannabis (misdemeanor amount) on September 6, 1988;
Count VII  possession of drug paraphernalia on September 6, 1988.
Improperly, the trial court entertained a motion to dismiss counts II and IV and ruled upon the double jeopardy motion prior to the entry of a plea of guilty or no contest to any offense or prior to a guilty verdict at trial. See V.D.B. v. State, 556 So.2d 484, 485 n. 3 (Fla. 2d DCA 1990).
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Blockburger analysis is only utilized where the court cannot discern the clear legislative intent. In State v. Smith, 547 So.2d 613 (Fla. 1989), our supreme court has determined that the 1988 amendment to section 775.021(4), Florida Statutes (Supp. 1988) makes the legislature's intent clear.
[4] Section 893.13(1)(c), Florida Statutes (1987), states that sale of cannabis results in punishments as a third-degree felony, except as authorized elsewhere in the chapter or in Chapter 499 of Florida Statutes.

Section 893.13(1)(b), Florida Statutes (1987), states that possession of any controlled substance results in punishment as a third-degree felony, except as authorized elsewhere in this chapter or in Chapter 499 of Florida Statutes.
Section 893.13(1)(g), Florida Statutes (1987), provides for possession of not more than twenty grams of cannabis to be punishable as a first-degree misdemeanor.
Section 893.135(1)(a), Florida Statutes (1987), provides for possession or sale of cannabis in excess of 100 pounds to be punishable as trafficking, a first-degree felony.