PER CURIAM.
The state of Florida seeks review of Crisel v. State, 561 So.2d 453 (Fla. 2d DCA 1990), in which the district court affirmed Crisel’s conviction for the sale of marijuana and cocaine, but vacated Crisel’s conviction and sentence for possession of the same quantum of marijuana and cocaine on the authority of V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990), approved in part, quashed in part, 577 So.2d 941 (Fla.1991). The district court certified the following question as one of great public importance:
WHEN DECIDING A DOUBLE JEOPARDY ISSUE PURSUANT TO SECTION 775.021(4)(b), FLORIDA STATUTES (SUPP.1988), IS THE TRIAL OR APPELLATE COURT PERMITTED TO EXAMINE THE FORMAL CHARGES OR THE FACTS OF THE CASE TO MAKE THE DETERMINATION?
Crisel, 561 So.2d at 457. We rephrase the question as follows:
When deciding a double jeopardy issue pursuant to section 775.021(4)(b), Florida Statutes (Supp.1988), is the trial or appellate court restricted to examining only the charges?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and have recently answered this question in the affirmative in State v. McCloud, 577 So.2d 939 (Fla.1991) and State v. V.A.A., 577 So.2d 941 (Fla.1991).
In McCloud, 577 So.2d at 941, we stated that
section 775.021(4)(a) specifically states that “offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.” (Emphasis added.) Thus, section 775.021(4)(a) precludes the court from examining the evidence to determine whether the defendant possessed and sold the same quantum of cocaine such that possession is a lesser-included offense of sale in any one case.
Applying McCloud to Crisel’s case, the court should examine only the elements charged rather than the facts in determining whether double jeopardy is involved. In accordance with McCloud and V.A.A., we quash that part of the district court’s decision vacating Crisel’s conviction and *59 sentence for possession of marijuana and cocaine. We remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, MCDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, J., concurs in result only.