635 So.2d 1057 (1994)
STATE of Florida, Appellant,
v.
Allan David SNYDER, Appellee.
No. 92-02265.
District Court of Appeal of Florida, Second District.
April 27, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellant.
Rochelle A. Reback, Tampa, for appellee.
THREADGILL, Judge.
The state appeals an order dismissing an information charging the appellee, Allan David Snyder, with possession of methamphetamine on May 23, 1991, in violation of section 893.13(1)(f), Florida Statutes (Supp. 1990). We affirm.
Snyder filed a sworn motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging that there were no material disputed facts and that the undisputed facts did not establish a prima facie case of guilt of possession.
The motion set forth the following facts, which the state does not dispute. Tampa police were investigating Snyder's codefendant John Parker for receiving controlled substances at Parker's post office box via Federal Express and UPS. On May 22, 1991, *1058 police executed a search warrant upon a Federal Express package at Parker's post office box and discovered one-half ounce of methamphetamine. The next day Snyder and Parker, friends since high school, met for lunch. Parker drove. After lunch, Parker stopped at his post office box; Snyder admits knowing that Parker was expecting the arrival of contraband. Parker went into the post office while Snyder remained in the car. Parker returned with the methamphetamine. As he was driving Snyder back to his car which was parked at an area mall, Parker offered to let Snyder try some of the methamphetamine. Parking near Snyder's car, Parker poured two lines of methamphetamine onto a cassette case and placed the rest underneath his seat. Police arrived and arrested them before Parker had completed forming the lines.
Parker's affidavit, attached to the motion to dismiss, asserted that Snyder had not achieved actual possession of the methamphetamine and that he lacked constructive possession of the substance, because he had no right or opportunity to exercise dominion and control over it; the affidavit also alleged that Snyder had not participated in the purchase or delivery.
The state's traverse merely set forth facts that were undisputed by Snyder, that Snyder had prior knowledge of the delivery and intended to try some of the methamphetamine had police not intervened. The other allegations set forth in the traverse merely argue that the facts as alleged in the traverse amount to constructive possession. However, none of the factual allegations of the traverse give rise to a primary inference of dominion and control. The trial court dismissed the information on the undisputed facts because of the absence of any evidence of dominion and control by Snyder. We agree with this ruling.
Constructive possession requires proof that the defendant had dominion and control over the contraband and that he knew of its presence and illicit nature. Brown v. State, 428 So.2d 250 (Fla. 1983). Mere proximity to contraband is not sufficient to establish dominion and control. Hons v. State, 467 So.2d 829 (Fla. 2d DCA 1985). Although Parker had offered to let Snyder try some of the methamphetamine, there was no evidence or factual assertions in the traverse from which to infer that Snyder had the right to compel Parker to fulfill his promise. The ability to reduce a controlled substance to one's actual possession was the key to the definition of constructive possession in Daudt v. State, 368 So.2d 52 (Fla. 2d DCA), cert. denied, 376 So.2d 76 (Fla. 1979). In Daudt, this court found no dominion and control where there was no evidence from which to infer that a broker to a sale of marijuana could have personally carried through with the sale or forced the seller to close. The Fourth District came to the same conclusion in Roberts v. State, 505 So.2d 547 (Fla. 3d DCA 1987), approved, Campbell v. State, 577 So.2d 932 (Fla. 1991), where the defendants had a contractual right to marijuana having paid for it, but where they were not yet able to reduce it to their possession because it was still in possession of the undercover officers, who were carrying the bales into the house, when the defendants were arrested.
The state argues that Snyder's proximity to the contraband together with his prior knowledge of the delivery and intent to try some of the substance gives rise to the inference that Snyder had a proprietary interest in the methamphetamine. For these facts to give rise to constructive possession, one must infer from the proprietary interest that Snyder had dominion and control. This reasoning is untenable because neither inference can be deduced from the available facts and because the ultimate existence of constructive possession requires an impermissible pyramiding of inferences. See I.F.T. v. State, 629 So.2d 179 (Fla. 1993). The interpretation of the facts in the light most favorable to the state establishes no proprietary right in Snyder, see Daudt, nor any immediate right to reduce the methamphetamine to his possession, see Roberts, because Parker had not yet relinquished control over the line he was organizing for their use.
The undisputed facts show that police interrupted Parker before he had given Snyder a sample of the drug. The state's interpretation of the facts presumes that Parker had *1059 made an irrevocable gift to Snyder and deprives Snyder of the right to change his mind about accepting delivery.
A motion to dismiss shall be denied upon the filing of a traverse specifically denying the allegations of the motion only if the traverse creates a dispute as to material evidentiary facts, not if the traverse only disputes the legal effect of undisputed facts. State v. Hysell, 569 So.2d 866 (Fla. 5th DCA 1990). Where the undisputed facts do not establish a prima facie case, the trial court does not err in dismissing the information. State v. Morse, 399 So.2d 470 (Fla. 2d DCA 1981). We think the trial court properly granted the motion to dismiss in this case and affirm the order dismissing the information.
Affirmed.
RYDER, A.C.J., concurs.
SCHOONOVER, J., dissents with opinion.
SCHOONOVER, Judge, dissenting.
Since I disagree with the majority opinion in several respects, I must respectfully dissent.
First, even if we accepted the appellee's position without question, we should not affirm the trial court. In considering a motion under rule 3.190(c)(4), the facts must be considered in the light most favorable to the prosecution and must clearly demonstrate that no crime, or one lesser than the one charged, was committed before relief can properly be granted under the rule. State v. Bruner, 526 So.2d 1076 (Fla. 5th DCA 1988). In this case, as mentioned above, if we accept the appellee's position and conclude that the state did not even present a prima facie case in connection with the crime charged, i.e. possession of methamphetamine, the case should not be affirmed but should be remanded for further proceedings on the lesser included charge of attempted possession of methamphetamine. See Roberts v. State, 505 So.2d 547 (Fla. 3d DCA 1987); Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986).
Next, the state filed a sworn traverse to the appellee's motion, and because the traverse was sufficient, the motion should have been denied. The appellee admitted that he had knowledge of the nature of the contraband and its presence in the automobile and only contested his dominion and control. The state's traverse not only denied that the appellee could not reduce any of the contraband to his dominion and control, but also added facts which established that the appellee had knowledge that the codefendant was expecting to receive the methamphetamine in the mail when the appellee and the codefendant went to lunch and stopped at the post office box. These added facts together with the other information contained in the motion and attachments were material facts concerning dominion and control. When material facts are specifically denied by the state's sworn traverse, as in this case, the trial court has no discretion and must deny the motion. State v. Radandt, 410 So.2d 665 (Fla. 4th DCA 1982); State v. Johnson, 398 So.2d 500 (Fla. 3d DCA 1981).
Last, even if the state had not filed a sworn traverse, on the facts presented to us by the appellee himself, the court should have denied his motion. A proceeding under rule 3.190(c)(4) is the equivalent of a civil summary judgment proceeding and the trial court may not try or determine factual issues in a summary judgment proceeding. The court also may not consider the weight of conflicting evidence or the credibility of the witnesses in determining whether a material issue of fact exists. State v. Milton, 488 So.2d 878 (Fla. 2d DCA), cert. denied, 479 U.S. 1012, 107 S.Ct. 659, 93 L.Ed.2d 713 (U.S. 1986). Applying this test to the instant case, I would hold that the evidence establishes a prima facie case against the appellee and reverse for a trial on the merits.
The appellee was charged with illegal possession of methamphetamine. Possession may be either actual or constructive. Actual possession exists where the accused has knowing physical possession of a controlled substance. Constructive possession exists where it is shown that the accused knows of the presence of the contraband and has the ability to maintain control over it or reduce it to his possession although not shown to have it in his physical possession. Daudt v. State, 368 So.2d 52 (Fla. 2d DCA), cert. denied, 376 So.2d 76 *1060 (Fla. 1979). The state does not contend that the appellee was in the actual possession of the methamphetamine, but does contend that he was in constructive possession. The appellee was a passenger in a vehicle owned and operated by another. Although knowledge of the presence of contraband may be inferred if the accused is in the exclusive possession of the premises on which it is found, knowledge of its presence and the accused's ability to maintain control over it will not be inferred if the premises on which the contraband is found is in the joint possession of two or more, but must be established by proof. Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987). The appellee admittedly knew of the presence of the contraband, and accordingly, we are only concerned with determining whether there was sufficient evidence to find he had the ability to maintain control of it or reduce it to his physical possession. See Ras v. State, 610 So.2d 24 (Fla. 2d DCA 1992). I would find that there was sufficient evidence to submit to a jury and allow it to make that determination. Although mere proximity to contraband standing alone is insufficient to establish constructive possession of the substance, Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991); Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988), there was additional evidence and circumstances in this case.
The motion to dismiss and the state's traverse not only establish the facts set forth in the majority opinion, they add additional facts and circumstances which, in my opinion, establish a jury question concerning constructive possession.
Although the majority opinion states that the appellee admitted having prior knowledge of the contraband, that was not mentioned in the original motion, and since the supplemental motion was not sworn as required by the rules, it should not be considered. Based upon the facts in the majority opinion, the appellee was sitting in an automobile waiting for the driver of the car to prepare the contraband for him to try. Both the driver and the appellee swear that the appellee did not have the ability to reduce the contraband, which was in plain view and within his reach, to his possession. The mere fact that the driver never intended to let the appellee exercise ultimate control of the contraband did not make appellee any less the possessor. If it did, the same argument could be made with respect to any controlled transaction with undercover police officers. State v. Brider, 386 So.2d 818 (Fla. 2d DCA), rev. denied, 392 So.2d 1372 (Fla. 1980). Furthermore, although both parties swore that the appellee could not reduce the contraband to his possession, those statements concern their state of mind, and state of mind, e.g. knowledge and intent, are not properly considered in ruling on a rule 3.190(c)(4) motion. Milton; State v. Rogers, 386 So.2d 278 (Fla. 2d DCA), rev. denied, 392 So.2d 1378 (Fla. 1980). See also State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989).
In addition to the above-mentioned facts, a review of the appellee's motion indicates that he attached and made a part of the motion the sworn information filed by the state and a copy of the inventory taken after the appellee and the codefendant were arrested. The inventory indicates that, in addition to the methamphetamine in plain view and under the driver's seat, the automobile contained various other items. It appears from the inventory that the officers found a baggie containing approximately 12.0 grams of marijuana, plastic baggies containing marijuana residue, baggies containing an unknown white powder, a baggie containing an unknown brown powder, two whole "Xanax" pills, a plastic film canister containing marijuana roaches, two Valium pills, a baggie containing approximately 26.0 grams of marijuana, a baggie containing approximately 14.0 grams of marijuana, a baggie containing approximately 9.0 grams of marijuana, and a dollar bill rolled up to form a straw. This evidence was not in plain view, and no evidence was presented that the appellee had knowledge of it. The state therefore acted properly by not charging the appellee with possession of all of the contraband. See Cordero v. State, 589 So.2d 407 (Fla. 5th DCA 1991); Rogers. However, in addition to those items which were not in plain view, the inventory states that along with the methamphetamine which formed two lines on a tape case located in plain view, and the methamphetamine placed below the driver's seat, two *1061 "coke" straws and a spoon were found on the center console between the front seat.
The codefendant offered the appellee methamphetamine and the appellee accepted the offer. The contraband, a spoon and two straws, was in plain view and within appellee's reach. This evidence was sufficient to present a jury question concerning possession. Cordero. See also Thomas v. State, 512 So.2d 1099 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988).
I would, based upon the above discussion, reverse and remand for further proceedings.