996 So.2d 260 (2008)
Kenneth L. SHEPPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5056.
District Court of Appeal of Florida, Second District.
December 24, 2008.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
*261 CASE, JAMES R., Associate Senior Judge.
Kenneth L. Sheppard appeals his convictions for delivery of cocaine and possession of cocaine, claiming that there was insufficient evidence to support the State's theory of aiding and abetting on the possession offense. We agree and reverse his conviction for possession of cocaine. We affirm Sheppard's conviction for delivery of cocaine.
Sheppard waived his right to a jury trial and was tried before the circuit court on both offenses. Officer Daniel Berry of the Tampa Police Department testified that he was riding undercover as a passenger in a car being driven by a registered confidential informant (CI) on the night of the offenses. Officer Berry testified that Sheppard yelled "Hey" at their vehicle. The CI pulled over at a gas station, and Sheppard approached the passenger side of the vehicle. Officer Berry asked Sheppard if he was "straight," which is street terminology for "whether he has cocaine or other drug[s]." Sheppard then asked Officer Berry if he wanted to buy crack cocaine. Officer Berry replied "yes," and Sheppard told him to park and get out. Officer Berry exited the vehicle, and another man, codefendant Otto Bennett, approached Officer Berry and asked Berry what he "was looking for." Officer Berry told Bennett that he wanted "twenty[-]five hard," which is "twenty[-]five dollars worth of crack cocaine." Officer Berry testified that Bennett then walked over to Sheppard, who was standing beside a car at the gas pumps. Bennett walked back over to Berry, where they had further conversation, and then Bennett walked back over to Sheppard, who was now standing by a dumpster. Bennett walked back over to Berry a final time and showed him the drugs. Berry gave Bennett a "controlled twenty dollar bill" in exchange for the drugs, and Berry and the CI left the scene.
Officer Berry testified that the cocaine field-tested positive. Sheppard was arrested, but no money or drugs were found on him. Berry did not see anything change hands between Sheppard and Bennett during the transaction.
Sheppard moved for a judgment of acquittal on the basis that he was "never seen touching any drugs or passing any drugs or providing any drugs." The State argued that Sheppard was guilty as an aider and abettor. The circuit court reserved ruling at the hearing but subsequently entered an order finding Sheppard guilty of both offenses under an aiding and abetting theory. Sheppard was sentenced to two concurrent sentences of twenty-four months in prison.
On appeal, Sheppard argues that while there may have been sufficient evidence to find that he aided and abetted Bennett in selling the cocaine to Officer Berry, there was insufficient evidence to find that he possessed the cocaine. He claims that there was no evidence that he passed the cocaine to Bennett before Bennett delivered it to Officer Berry and that there was no evidence that he helped Bennett in either acquiring or possessing the cocaine. Sheppard relies on L.J. v. State, 578 So.2d 360 (Fla. 3d DCA 1991), and Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979).
The State recognizes that there is authority rejecting a narcotics possession conviction when a defendant is guilty of aiding and abetting in the delivery or sale of the drug and that a defendant is not guilty of possession of drugs by virtue of aiding and abetting in the sale of the drugs.
We apply a de novo standard of review to the circuit court's denial of Sheppard's motion for judgment of acquittal. *262 See Pagan v. State, 830 So.2d 792, 803 (Fla.2002). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Id. This court will not reverse a conviction if it is supported by competent, substantial evidence. Id.
Officer Berry never saw anything change hands between Bennett and Sheppard before Berry received the drugs from Bennett. The circuit court even found in its order that "[t]here was no testimony anyone saw the Defendant and Co-Defendant exchange drugs." In addition, no drugs were found on Sheppard when he was arrested. Therefore, there is no evidence that Sheppard actually or constructively possessed cocaine. See § 893.13(6)(a), Fla. Stat. (2006); Gartrell v. State, 626 So.2d 1364, 1366 (Fla.1993) ("Actual possession exists where the accused has physical possession of the substance and knowledge of that physical possession."); Jiles v. State, 984 So.2d 622, 623 (Fla. 2d DCA 2008) ("To prove constructive possession of contraband, the state must `show beyond a reasonable doubt that [1] the defendant knew of the presence of the contraband and [2] that he had the ability to exercise dominion and control over it.'") (quoting Wagner v. State, 950 So.2d 511, 512 (Fla. 2d DCA 2007)).
In addition, the State did not prove that Sheppard was an aider and abettor in Bennett's possession of the cocaine. This case is controlled by Daudt, 368 So.2d 52, and L.J., 578 So.2d 360. In L.J., the court explained that
a defendant who [merely] assists a confederate in selling or delivering a contraband drug does not, by so doing, aid and abet the confederate in the latter's actual possession of such drug because the defendant has not assisted the confederate in either acquiring or retaining the drug, but to the contrary, has actually aided the confederate in divesting the latter of any possession thereof. Daudt v. State, 368 So.2d 52, 54 (Fla. 2d DCA 1979). In sum, then, a person who aids and abets a confederate in selling or delivering contraband drugs, which are physically possessed by only the confederate, may be convicted of unlawful sale or delivery of said drugs, but not of unlawful possession of said drugs.
Id. at 362; see also Daudt, 368 So.2d at 54 ("Appellant aided and abetted [the codefendant] in selling the marijuana, but not in possessing it.").
The evidence in this case showed that Sheppard's codefendant Bennett was in possession of the cocaine. While there is sufficient evidence that Sheppard aided and abetted Bennett in selling the cocaine to Officer Berry, there is no evidence that Sheppard aided and abetted Bennett in acquiring or retaining the cocaine. Therefore, there was insufficient evidence to support Sheppard's conviction for possession of cocaine under any theory, and the circuit court erred in denying Sheppard's motion for judgment of acquittal on the possession charge. Accordingly, we reverse Sheppard's conviction for possession of cocaine and order that the conviction be vacated.
Affirmed in part; reversed in part; remanded.
ALTENBERND and KHOUZAM, JJ., Concur.