KELLY, Judge.
 

 Martin Byers appeals his judgments and sentences for trafficking in methamphetamine and carrying a concealed weapon. We reverse his judgment and sentence for trafficking because we agree with Byers’ argument that the trial court erred when it denied his motion for judgment of acquittal on that charge. In all other respects, we affirm.
 

 The State’s evidence established that as part of an investigation, police officers responded to a motel where they observed Byers standing outside one of the rooms. After asking Byers to identify himself, the officers asked him whether he had any weapons. When Byers admitted that he had two sets of brass knuckles in his pockets, the officers searched him and then
 
 *827
 
 arrested him for carrying a concealed weapon. The officers then entered the motel room and found a second man, Roberto Gutierrez. They arrested Gutierrez after they observed smoke and saw a “bong” by the sink when he came out of the bathroom.
 

 After arresting Byers and Gutierrez, the officers searched the motel room and found a set of keys on the dresser. When officers asked who the keys belonged to, Byers said they were his, and according to the officers, he consented to a search of his vehicle. Although Byers told officers the keys went to a white truck, witnesses told the officers that Byers and Gutierrez had driven to the motel in a light-colored Chevy Malibu. The officers tried the keys on the Malibu, and they were able to unlock it. A search of the car yielded a black bag on the passenger side floorboard containing 52.7 grams of methamphetamine, baggies, and a BB gun.
 
 [1]
 
 Byers admitted to officers that he knew that there was a large amount of methamphetamine in the car and that Gutierrez intended to sell it. He stated that he had driven Gutierrez to the motel in exchange for a small amount of the drug.
 

 On appeal, Byers contends that the trial court erred in denying his motion for judgment of acquittal on the trafficking charge because the evidence did not establish that he possessed the methamphetamine in the backpack. Possession may be either actual or constructive. Actual possession exists where the accused has knowing physical possession of a controlled substance.
 
 Gartrell v. State,
 
 626 So.2d 1364, 1366 (Fla.1993). The State does not contend Byers was in actual physical possession of the methamphetamine, but rather contends he possessed it constructively. Constructive possession exists where it is shown that the accused knows of the presence of the contraband and has the ability to maintain control over it or reduce it to his possession, even though he does not have it in his physical possession.
 
 State v. Snyder,
 
 635 So.2d 1057, 1058 (Fla. 2d DCA 1994);
 
 Ras v. State,
 
 610 So.2d 24, 25 (Fla. 2d DCA 1992);
 
 Spataro v. State,
 
 179 So.2d 873, 877 (Fla. 2d DCA 1965).
 

 When a defendant has been in exclusive possession of the premises where contraband is found, knowledge and control can be inferred.
 
 Spataro,
 
 179 So.2d at 877. However, when the premises have not been in the exclusive possession of the defendant, as is the case here, knowledge and control cannot be inferred unless there are incriminating statements or other circumstances that would support such an inference.
 
 Id.; see also Santiago v. State,
 
 991 So.2d 439, 442 (Fla. 2d DCA 2008) (“Generally, independent proof can be established by the admission into evidence of a pretrial statement made by an accused, by witness testimony, or by scientific evidence.”);
 
 Wagner v. State,
 
 950 So.2d 511, 513 (Fla. 2d DCA 2007) (“When ... contraband is found in a location that was accessible to more than one person, a defendant’s knowledge of its presence and ability to exercise dominion and control will not be inferred; these elements must be established by independent proof.”). Byers admits that he knew about the methamphetamine; the question is whether he had dominion and control over it.
 

 Whether an individual had dominion and control is generally a fact issue for the jury; however, a judgment of acquittal is proper when the State does not adduce evidence from which dominion and control can be inferred.
 
 Isaac v. State,
 
 730 So.2d 757, 758 (Fla. 2d DCA 1999).
 
 *828
 
 Further, “[wjhere the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State
 
 v. Law,
 
 559 So.2d 187, 188 (Fla.1989). Here, the evidence established that Byers knew the methamphetamine was in the car he drove to the motel, that he knew Gutierrez intended to sell the methamphetamine, and that he agreed to drive Gutierrez to the motel in exchange for a small amount of the drug. Even if proof of these circumstances permitted an inference that Byers had control over the methamphetamine, it does not exclude Byers’ reasonable hypothesis of innocence that the drugs in the backpack belonged exclusively to Gutierrez.
 
 See, e.g., Lester v. State,
 
 891 So.2d 1219, 1221 (Fla. 2d DCA 2005);
 
 Snyder,
 
 635 So.2d at 1057. Because the State did not meet its burden to establish Byers’ dominion and control over the drugs, and thus did not establish his constructive possession, we reverse Byers’ conviction and sentence for trafficking in methamphetamine.
 

 Reversed in part; affirmed in part.
 

 SILBERMAN and WALLACE, JJ., Concur.
 

 [1]
 

 . Byers also challenges the search of the car; however, we decline to decide that issue in light of our conclusion that the trial court should have granted his motion for a judgment of acquittal on the trafficking charge.