PER CURIAM.
The first point on appeal is whether the state’s playing of a tape recorded statement in which the defendant invoked his right to remain silent constitutes fundamental error. It does not. Simpson v. State, 418 So.2d 984 (Fla.1982); Clark v. State, 363 So.2d 331 (Fla.1978).
The defendant/appellant also claims ineffective assistance of trial counsel. This may only be raised in a direct appeal when the facts giving rise to such claim are apparent on the face of the record or when conflict of interest or prejudice to the defendant is shown. Stewart v. State, 420 So.2d 862 (Fla.1982); State v. Barber, 301 So.2d 7 (Fla.1974), and Rauso v. State, 425 So.2d 618 (Fla. 4th DCA 1983). The main allegations against counsel here, that he should not have advised the defendant to testify and that he should have objected to introduction of the state’s tape, must first be heard pursuant to a motion filed in the trial court, and within an evi-dentiary hearing, according to the standards enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
AFFIRMED.
GLICKSTEIN, GUNTHER, JJ., and ROBINSON, STEVEN D., Associate Judge, concur.