559 So.2d 1305 (1990)
STATE of Florida, Appellant,
v.
Anthony McCLOUD, Appellee.
No. 89-00867.
District Court of Appeal of Florida, Second District.
April 26, 1990.
*1306 Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellee.
PER CURIAM.
The state appeals the dismissal of drug charges.
Appellee Anthony McCloud was charged in two separate informations with one count each of sale and possession of cocaine. It is undisputed that each information involves a single transaction and a single quantum of cocaine. McCloud agreed to plead guilty to the sale charges but contended that conviction and sentence for the possession charges would constitute a double jeopardy violation. Carawan v. State, 515 So.2d 161 (Fla. 1987); Dukes v. State, 528 So.2d 531 (Fla. 2d DCA 1988). Over objection the trial court dismissed the possession charges.
We affirm the dismissal with respect to Circuit Court Case No. 89-01185, wherein the offenses were alleged to have taken place June 8, 1988. Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom., State v. Smith, 547 So.2d 613 (Fla. 1989). We also affirm the dismissal of the possession charge in Circuit Court Case No. 88-16326 for offenses occurring on August 1, 1988, after the effective date of chapter 88-131, section 7, Laws of Florida. The statute in its amended version permits dual convictions and sentences for offenses based on one act unless the crimes fit into one of the three enumerated categories of section 775.021(4)(b). In Gordon, we discussed the elements of the crimes of sale and possession with intent to sell and the supreme court affirmed in Smith. Under that analysis, we find the crimes committed on August 1, 1988, do fit into the category of "subsumed elements," the third category of section 775.021(4)(b). Dual convictions would have been improper under the facts here, and the trial court also correctly dismissed the possession charge in Case No. 86-16326.
We have recently directly addressed the effect of the amended statute on sale and possession crimes in V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990), and certified a question to the supreme court. The instant case presents the same concern with the effect of the dicta in State v. Burton, 555 So.2d 1210 (Fla. 1989), which prompted the certified question. Accordingly, we again certify the same question posed in V.A.A. as being one of great public importance.
Affirmed.
CAMPBELL, C.J., and RYDER and DANAHY, JJ., concur.