ZEHMER, Judge.
We affirm the trial court’s denial of the motion to suppress as the evidence supports a finding that the challenged identification was reliable and without error.
The trial court erred, however, in imposing judgment of conviction for both sale of cocaine and possession of cocaine with intent to sell in violation of section 893.-13(l)(a), Florida Statutes (1987), under the circumstances of this case because the elements of the crime of sale of cocaine subsume the elements of the crime of possession of cocaine with intent to sell. State v. McCloud, 559 So.2d 1305 (Fla. 2d DCA 1990). Our construction of section 893.-13(l)(a) to the effect that sale and possession with intent to sell is but one offense is not affected by the 1988 amendment to section 775.021, Florida Statutes, adding subsection 4(b).[1] Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989) (en banc). Accordingly, we affirm the conviction imposed on the sale count and vacate the conviction imposed on the possession count. For purposes of review by the supreme court, we certify the following question as being one of great public importance:
WHEN A DOUBLE JEOPARDY VIOLATION IS ALLEGED BASED ON THE CRIMES OF SALE AND POSSESSION (OR POSSESSION WITH INTENT TO SELL) OF THE SAME QUANTUM OF CONTRABAND IN VIOLATION OF SECTION 893.13(1)(A) AND THE CRIMES OCCURRED AFTER THE EFFECTIVE DATE OF SECTION 775.021, FLORIDA STATUTES (SUPP. 1988), IS IT UNLAWFUL TO CONVICT AND SENTENCE FOR BOTH CRIMES?
Compare V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990); State v. McCloud, 559 So.2d 1305 (Fla. 2d DCA 1990).
SMITH, J., concurs.
BOOTH, J., concurs in part and dissents in part, with opinion.

. Ch. 88-131, § 7, Laws of Florida.