577 So.2d 941 (1991)
STATE of Florida, Petitioner,
v.
V.A.A., a Child, Respondent.
No. 75902.
Supreme Court of Florida.
February 28, 1991.
*942 Robert A. Butterworth, Atty. Gen., and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for respondent.
PER CURIAM.
We granted review of V.A.A. v. State, 561 So.2d 314 (Fla.2d DCA 1990), to answer the following certified question of great public importance:
When a double jeopardy violation is alleged based on the crimes of sale and possession (or possession with intent to sell) of the same quantum of contraband and the crimes occurred after the effective date of section 775.021, Florida Statutes (Supp. 1988), is it improper to convict and sentence for both crimes?[*]
Id. at 315. We recently addressed this same question in State v. McCloud, 577 So.2d 939 (Fla. 1991), in which we answered the question in the negative.
In the case before us, the defendant was adjudicated delinquent of two counts charging sale and possession of one quantity of cannabis on June 16, 1988, and two counts charging sale and possession of a different quantity of cannabis on July 5, 1988. The district court correctly reversed the adjudication of delinquency for the possession charge of June 16, 1988, pursuant to this Court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987). See State v. Smith, 547 So.2d 613 (Fla. 1989). However, the offenses of July 5, 1988 are subject to our decisions in McCloud, and the district court therefore erred in reversing the adjudication of delinquency for possession.
Accordingly, we approve that part of the decision affirming the adjudication of delinquency for the two counts of sale and reversing the adjudication of delinquency for the possession charge of June 16, 1988, and quash that part of the decision reversing the adjudication of delinquency for the possession charge of July 5, 1988. We remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, dissenting.
I dissent for the reasons expressed in Justice Barkett's dissent in State v. McCloud, 577 So.2d 939 (Fla. 1991).
BARKETT, J., concurs.
NOTES
[*] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.