577 So.2d 939 (1991)
STATE of Florida, Petitioner,
v.
Anthony McCLOUD, Respondent.
No. 75975.
Supreme Court of Florida.
February 28, 1991.
Rehearing Denied April 26, 1991.
Robert A. Butterworth, Atty. Gen. and Katherine V. Blanco and Peggy A. Quince, Asst. Attys. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Brad Permar, Asst. Public Defender, Tenth Judicial Circuit, Clearwater, for respondent.
PER CURIAM.
We have for review State v. McCloud, 559 So.2d 1305 (Fla. 2d DCA 1990), in which the district court certified the following as being a question of great public importance:[1]
When a double jeopardy violation is alleged based on the crimes of sale and possession (or possession with intent to sell) of the same quantum of contraband and the crimes occurred after the effective date of section 775.021, Florida Statutes *940 (Supp. 1988), is it improper to convict and sentence for both crimes?[2]
We answer the question in the negative and approve in part and quash in part the decision of the Second District.
Anthony McCloud was charged with possession and sale of cocaine in two separate two-count informations. One information charged McCloud with possession and sale of cocaine allegedly committed on August 1, 1988; the other information charged McCloud with possession and sale of cocaine allegedly committed on June 9, 1988. McCloud pled guilty to both counts of sale, and the trial court granted McCloud's motion to dismiss the possession charges on the authority of Carawan v. State, 515 So.2d 161 (Fla. 1987). The state appealed the dismissals. The Second District Court of Appeal affirmed, but certified the question at issue.
In State v. Smith, 547 So.2d 613 (Fla. 1989), this Court held that under a 1988 statutory amendment, the legislature intended that sale or delivery of a controlled substance and possession of that substance constitute separate offenses subject to separate convictions and separate punishments. Ch. 88-131, § 7, Laws of Fla. (amending § 775.021(4), Fla. Stat. (1987)); see State v. Burton, 555 So.2d 1210 (Fla. 1989). However, the offenses at issue in Smith occurred prior to the July 1, 1988 effective date of chapter 88-131, and we declined to apply chapter 88-131 retroactively, finding the case was controlled by Carawan v. State, 515 So.2d at 161 (construing § 775.021(4), Fla. Stat. (1985)). Under Smith and Burton, McCloud's June 9, 1988 offenses clearly fall under the dictates of Carawan, and the trial court properly dismissed the possession charge. With regard to McCloud's August 1, 1988 offenses, we address for the first time whether McCloud can be dually convicted of possession and sale of the same quantum of cocaine under the amended statute.
Section 775.021(4)(b) of the Florida Statutes (Supp. 1988) currently permits dual convictions and sentences for offenses based on one act, subject to certain enumerated exceptions. McCloud asserts that possession and sale of the same quantum of cocaine is an exception under the category of "subsumed" elements in subsection 775.021(4)(b)(3).[3] In other words, McCloud argues that he cannot be convicted of possession of cocaine and sale of the same cocaine because possession is a lesser-included offense of sale.
The state argues that possession is not a lesser-included offense of sale because under section 775.021(4) (codifying the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)), each offense contains an element that the other does not: the crime of sale does not require possession as an element, and the crime of possession does not require sale as an element.
The state further relies on several lower court cases to support its argument. In Portee v. State, 392 So.2d 314, 315 (Fla. 2d DCA 1980), approved, 447 So.2d 219 (Fla. 1984), the court concluded that possession is not a lesser-included offense of sale:
While a seller of marijuana might in the ordinary case also possess the marijuana sold, possession is not an essential aspect of the sale.
Similarly, in Daudt v. State, 368 So.2d 52 (Fla. 2d DCA), cert. denied, 376 So.2d 76 (Fla. 1979), Daudt was an intermediary in a marijuana transaction. The court found he neither actually nor constructively possessed the contraband, so it reversed the possession conviction but affirmed the sale conviction. Cf. State v. Daophin, 533 So.2d 761 *941 (Fla. 1988) (holding that possession is not a lesser-included offense of delivery).
An offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense. We conclude that because there are situations, as illustrated by the above cases, where a sale can occur without possession, possession is not an essential element of sale and is therefore not a lesser-included offense.
This case, of course, involves a situation where the defendant actually did possess and sell the same quantum of the drug. However, section 775.021(4)(a) specifically states that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." (Emphasis added.) Thus, section 775.021(4)(a) precludes the court from examining the evidence to determine whether the defendant possessed and sold the same quantum of cocaine such that possession is a lesser-included offense of sale in any one case.
Accordingly, we approve the district court's decision with regard to the dismissal of McCloud's possession charge of June 9, 1988, but quash that part of the decision affirming the dismissal of McCloud's possession charge of August 1, 1988. We remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, dissenting.
I dissent for all the reasons expressed in State v. Smith, 547 So.2d 613, 619-22 (Fla. 1989) (Barkett, J., concurring in part, dissenting in part). In addition, I believe that possession is an essential element of sale and therefore is a necessarily included lesser offense under section 775.021(4)(b)(3), Florida Statutes (Supp. 1988).
According to the Florida Standard Jury Instructions in Criminal Cases, at 219, "`[s]ell' means to transfer or deliver something to another person in exchange for money or something of value." Implicit in this definition is the idea that one cannot "transfer or deliver something" of which one does not have either actual or constructive possession. To the extent the district court cases cited by the majority hold otherwise, I simply believe they are wrong. See Judge Cowart's opinion in Davis v. State, 560 So.2d 1231, 1234-39 (Fla. 5th DCA 1990) (Cowart, J., dissenting), review granted, 568 So.2d 435 (Fla. 1990), where he argued that
[a]s "possession" is a separate offense, all of the statutory elements of which are included within (subsumed by) the greater offense of "delivery," and as "delivery" is a separate offense, all of the statutory elements of which are included within ("subsumed by") the greater offense of "selling," it would appear from the amendment of section 775.021(4) by Ch. 88-131, § 7, Laws of Florida, that the legislature does not intend the sale or delivery of a controlled substance and the possession of that substance be treated as separate offenses subject to separate convictions and separate punishments.
Id. at 1238.
I would approve the district court on all counts.
KOGAN, J., concurs.
NOTES
[1] The district court previously certified this same question in V.A.A. v. State, 561 So.2d 314, 315 (Fla. 2d DCA 1990), approved in part, quashed in part, 577 So.2d 941 (Fla. 1991), in which the text of the certified question appears.
[2] We have jurisdiction pursuant to article V. section 3(b)(4) of the Florida Constitution.
[3] Section 775.021(4) provides in pertinent part:

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.