COWART, Judge,
dissenting.
The defendant on appeal claims his double jeopardy rights were violated when he was convicted of possession and sale of the exact same drug. This dissent is based on the dissent in Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990), jurisdiction accepted, 568 So.2d 435 (Fla.1990). The First and the Second District Courts of Appeal have ruled contrary to Davis and have certified the matter.[1]

. Stenson v. State, 573 So.2d 1022 (Fla. 2d DCA 1991); James v. State, 573 So.2d 1025 (Fla. 2d DCA 1991); Robinson v. State, 572 So.2d 992 (Fla. 2d DCA 1990); Gillette v. State, 571 So.2d 600 (Fla. 2d DCA 1990); Haynes v. State, 571 So.2d 120 (Fla. 2d DCA 1990); Robinson v. State, 571 So.2d 120 (Fla. 2d DCA 1990); White v. State 571 So.2d 498 (Fla. 2d DCA 1990); Lay-ton v. State, 570 So.2d 1117 (Fla. 2d DCA 1990); Dukes v. State, 569 So.2d 1380 (Fla. 2d DCA 1990); Gibson v. State, 565 So.2d 402 (Fla. 1st DCA 1990), cause dism., 570 So.2d 1306 (Fla. 1990); V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990); State v. McCloud, 559 So.2d 1305 (Fla. 2d DCA 1990); Crisel v. State, 561 So.2d 453 (Fla. 2d DCA 1990).