ON MOTION FOR REHEARING
ZEHMER, Judge.
The state moves for rehearing of this case in light of the supreme court’s recent opinions in State v. V.A.A., 577 So.2d 941 (Fla.1991), and State v. McCloud, 577 So.2d 939 (Fla.1991). The state contends that although this court correctly affirmed Kel-lam’s and Jackson’s separate convictions and sentences for sale or delivery of cocaine and possession of cocaine, we should rehear the case because we “did not resort to amended section 775.021(4)” in reaching our decision, and because conflict no longer exists between our decision and V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990), and State v. McCloud, 559 So.2d 1305 (Fla. 2d DCA 1990). We grant the state’s motion for rehearing.
In V.A.A. and McCloud, the supreme court held that a defendant may properly be convicted and sentenced for both sale and possession (or possession with intent to sell) of the same quantum of contraband where the crimes occurred after the effective date of section 775.021, Florida Statutes (Supp.1988). The court concluded that possession of contraband is not a lesser-included offense of the crime of sale of contraband, and therefore dual convictions and sentences for both offenses based on one *244 act are proper under section 775.021(4)(b). Because the supreme court reached its conclusion in V.A.A. and McCloud by applying section 775.021(4) to the offenses and disposed of the need for an answer to our certified question, the opinion filed March 1, 1991, is withdrawn and appellants’ convictions for sale or delivery of cocaine and possession of cocaine are affirmed on the authority of State v. V.A.A., 577 So.2d 941 (Fla.1991), and State v. McCloud, 577 So.2d 939 (Fla.1991).
AFFIRMED.
SMITH and NIMMONS, JJ., concur.