PER CURIAM.
This is a consolidated appeal of two cases which are identical in nature and which are based on two identical informations for two incidents which occurred on the same date. We reverse.
Each information charged appellee with two counts, Count I for unlawful sale, delivery or possession with intent to sell cocaine in violation of section 893.13(l)(a), Florida Statutes (1989); Count II for possession of cocaine in violation of section 893.13(l)(f), Florida Statutes (1989). Although appellee initially entered a written plea of not guilty in both cases, he later changed his pleas to nolo contendere to all charges in both cases.
At the change of plea hearing, counsel for appellee brought to the trial court’s attention that the charges of possession of cocaine might not be able to stand separately. At the sentencing hearing, the state urged the trial court to sentence ap-pellee on both counts of the two informa-tions, giving the state’s view that appellee could be sentenced to both the sale and the possession of the same quantity of cocaine. Counsel for appellee asked the trial court to sentence on the sale and delivery and not the possession because the associated possession charge was encompassed by the sale and delivery. The trial court dismissed Count II of both informations because the charges arose out of the same transactions and the same amounts of cocaine. Our reversal is occasioned by the supreme court’s decisions in State v. McCloud, 577 So.2d 939 (Fla.1991), and State v. Robinson, 581 So.2d 157 (Fla.1991), State v. Gillette, 580 So.2d 614 (Fla.1991), and State v. Robinson, 581 So.2d 158 (Fla.1991).
GLICKSTEIN, C.J., ANSTEAD, J., and WALDEN, JAMES H„ Senior Judge, concur.