PER CURIAM.
The state of Florida seeks review of James v. State, 573 So.2d 1025 (Fla. 2d DCA 1991), in which the district court affirmed James’ conviction and sentence for sale of cocaine, but vacated James’ conviction and sentence for possession of cocaine on the authority of V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990), approved in *1306 part, quashed in part, 577 So.2d 941 (Fla.1991). The district court certified the following question as one of great public importance:
WHEN A DOUBLE JEOPARDY VIOLATION IS ALLEGED BASED ON THE CRIMES OF SALE AND POSSESSION (OR POSSESSION WITH INTENT TO SELL) OF THE SAME QUANTUM OF CONTRABAND AND THE CRIMES OCCURRED AFTER THE EFFECTIVE DATE OF SECTION 775.021, FLORIDA STATUTES (SUPP.1988), IS IT IMPROPER TO CONVICT AND SENTENCE FOR BOTH CRIMES?
James, 573 So.2d at 1025. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
We answered this question in the negative in State v. McCloud, 577 So.2d 939 (Fla.1991), and State v. V.A.A., 577 So.2d 941 (Fla.1991). In accordance with those decisions, we quash that part of the district court’s decision vacating James’ conviction and sentence for possession of cocaine. We remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.