876 So.2d 589 (2004)
Scottie McMULLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2066.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
Jack R. Maro, Ocala, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant *590 Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
McMullen appeals from his judgment and sentences for sale of cocaine within 1,000 feet of a place of worship[1] and possession of cocaine with intent to sell or deliver within 1,000 feet of a place of worship.[2] He raises three points on appeal. We affirm.
First, McMullen claims he was denied effective assistance of counsel and a fair trial resulting from prosecutorial misconduct compounded by deficiencies of trial counsel. With rare exceptions, ineffective assistance of trial counsel claims are not cognizable on direct appeal. Gore v. State, 784 So.2d 418 (Fla.2001); Dorsey v. State, 847 So.2d 587 (Fla. 5th DCA 2003). They should normally be raised on a motion for post-conviction relief in the trial court where the issues of counsel's incompetence and ineffectiveness can be fully developed, if necessary, after an evidentiary hearing. Grant v. State, 864 So.2d 503 (Fla. 4th DCA 2004). Only in cases where the incompetence and ineffectiveness of counsel is apparent on the face of the record and prejudice to the defendant is obvious do appellate courts address this issue on direct appeal. Gore; White v. State, 850 So.2d 624 (Fla. 2d DCA 2003); Noble v. State, 543 So.2d 402 (Fla. 4th DCA 1989). We find that McMullen's claims in this point fall into "the normal" category and thus we do not consider them on the merits.
Second, McMullen contends that the trial judge departed from his role as a neutral arbiter and, instead, acted as a second prosecutor by assisting the state and rectifying the shortcomings in the state's case. See Gamble v. State, 492 So.2d 1132 (Fla. 5th DCA 1986)(judge departed from his role as impartial conductor of trial by accusing defense counsel of being untruthful). In this case, the complained-of actions by the trial judge were not objected to by defense counsel, and in fact, were largely prompted by or necessitated by actions taken by defense counsel.
Third, McMullen contends his convictions for sale of cocaine and possession of the same cocaine with intent to sell or deliver, violates double jeopardy. The Florida Supreme Court answered this question in State v. McCloud, 577 So.2d 939 (Fla.1991). It concluded that there are situations in which a sale can occur without possession and thus possession is not an essential element of sale, citing section 775.021(4)(a), Florida Statutes. Therefore, the court held that the possession count was not a lesser-included offense of the crime of sale. This case is factually indistinguishable from McCloud, because the prosecution established McMullen was in possession of cocaine with the intent to sell it, and that he sold some to a confidential informant.
AFFIRMED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] § 893.13(1)(e)1., Fla. Stat.
[2] § 893.13(1)(e)1., Fla. Stat.