937 So.2d 767 (2006)
Tommie M. SEWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2359.
District Court of Appeal of Florida, Fifth District.
September 8, 2006.
*768 Tommie M. Seward, East Palatka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Tommie M. Seward seeks relief pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, arguing that his convictions of sale of cocaine, possession of cocaine with intent to sell or deliver, sale of cocaine and possession of cocaine violate the principles of double jeopardy. The trial court denied relief. We do so as well.
Mr. Seward's motion for post-conviction relief constitutes an attack on his judgments of conviction, not an attack on his sentences. Moreover, he raises factual issues that are not determinable on the face of the judgment. His argument, therefore, is not cognizable in a rule 3.800(a) proceeding. See Smith v. State, 886 So.2d 336 (Fla. 5th DCA), cause dismissed, 902 So.2d 792 (Fla.2004).
Finally, as to the convictions for sale of cocaine and possession or possession with intent to sell or deliver, we have previously held on the basis of State v. McCloud, 577 So.2d 939 (Fla.1991), that double jeopardy is not offended by convictions for both. See McMullen v. State, 876 So.2d 589 (Fla. 5th DCA 2004).
Accordingly, we affirm.
AFFIRMED.
SAWAYA and LAWSON, JJ., concur.