VAN NORTWICK, J.
 

 Reginald Thomas appeals his conviction for selling cocaine within 1000 feet of a school, contrary to section 893.13(l)(c), Florida Statutes (2006), and possession of cocaine with intent to sell within 1000 feet of a school, contrary to section 893.13(l)(c), Florida Statutes (2006). Thomas argues that these dual convictions, which involved the same quantum of cocaine, run afoul of the constitutional prohibition against double jeopardy as these offenses “are degrees of the same offense.”
 
 See
 
 § 775.021(4)(b)2, Fla. Stat. While the State agrees that Thomas’ convictions do constitute double jeopardy, we must disagree and affirm.
 

 Both Thomas and the State assert that appellant’s two convictions are violations of the same criminal statute, section 893.13(l)(e). Section 893.13(l)(c) provides:
 

 Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a child care facility as defined in s. 402.302 or a public or private elementary, middle, or secondary school between the hours of 6 a.m. and 12 midnight, or at any time in, on, or within 1,000 feet of real property comprising a state, county, or municipal park, a community center, or a publicly owned recreational facility.
 

 Of course, possession of a controlled substance with the intent to sell, manufacture or deliver, regardless of the locale of such possession, is proscribed by section 893.13(l)(a). Similarly, the sale, manufacture or delivery of a controlled substance is proscribed by the same section.
 

 In
 
 State v. McCloud,
 
 577 So.2d 939 (Fla.1991), the Florida Supreme Court held that dual convictions for sale of cocaine and possession of cocaine did not constitute double jeopardy and, thus, the two convictions could stand. The defendant in that case was convicted of simple possession and sale.
 
 Id.
 
 at 940. But, when the Florida Supreme Court reviewed the case upon certification of a question of great public importance, that question was phrased broadly, to wit:
 

 When a double jeopardy violation is alleged based on the crimes of sale and possession (or possession with intent to sell) of the same quantum of contraband and the crimes occurred after the effective date of section 775.021, Florida
 
 *1159
 
 Statutes (Supp.1988), is it improper to convict and sentence for both crimes?
 

 We answer the question in the negative and approve in part and quash in part the decision of the Second District.
 

 McCloud,
 
 577 So.2d at 939-40 (footnote omitted).
 

 As the question is worded and answered in
 
 McCloud,
 
 the instant convictions would not constitute double jeopardy and thus would be permissible. It was apparently of no significance to the Supreme Court that both offenses at issue in
 
 McCloud
 
 were proscribed by the same statute: section 893.13(1)(a).
 

 Appellant argues that
 
 McCloud
 
 does not control because there the Supreme Court only considered whether the dual convictions at issue violated subsection (b)3 of section 775.021 and did not consider subsection (b)2. We do not think the holding in
 
 McCloud
 
 can be so circumscribed. While the defendant in
 
 McCloud
 
 argued for the applicability of subsection (b)3, the Supreme Court ruled in broader terms:
 

 An offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense. We conclude that because there are situations, as illustrated by the above cases, where a sale can occur without possession,
 
 possession is not an essential element of sale and is therefore not a lesser-included offense.
 

 Id.
 
 at 941 (italics removed; emphasis added). This explanation suggests the
 
 McCloud
 
 court was not focused exclusively on subsection (4)(b)3.
 
 [1]
 

 On the authority of
 
 McCloud,
 
 the Fifth District held in
 
 McMullen v. State,
 
 876 So.2d 589 (Fla. 5th DCA 2004), that dual convictions for sale of cocaine within 1,000 feet of a place of worship and possession of the same cocaine with intent to sell or deliver within 1,000 feet of a place of worship did not constitute double jeopardy. Similarly, in
 
 Seward v. State,
 
 937 So.2d 767, 768 (Fla. 5th DCA 2006), the Fifth District held on the authority of
 
 McCloud
 
 that double jeopardy does not arise when a defendant is simultaneously convicted of “sale of cocaine and possession or possession with intent to sell or deliver.”
 

 As noted, both Thomas and the State assert that the two offenses for which Thomas was convicted constitute a violation of a single statutory provision: section 893.13(1)(c). But, in fact, a different statute, section 893.13(1)(a), is the statutory provision which proscribes sale of a controlled substance as well as possession with intent to sell. Subsection (1)(c) merely increases the gravity of the offense and the severity of the penalty when the sale or possession with intent to sell occurs within 1000 feet of a school or day care.
 
 See Jennings v. State,
 
 667 So.2d 442 (Fla. 1st DCA 1996)(“Seetion 893.13(1)(a) prohibits the sale and possession with intent to sell of controlled substances whatever the time of day. Subsection (1)(c) merely increases the gravity of the offense and the severity of the penalty when the sale (or possession with intent to sell) occurs
 
 *1160
 
 within 1000 feet of a school during the time period specified.”). Under the reasoning of
 
 McCloud,
 
 it makes no difference where the sale and possession occurred because the determinative factor in that case was the difference in the elements of each offense; the elements of the two offenses remain different even when the offenses each occur within 1,000 feet of a school.
 
 See McMullen,
 
 876 So.2d 589.
 

 Accordingly, Thomas’ convictions are AFFIRMED.
 

 WEBSTER, and DAVIS, JJ., concur.
 

 [1]
 

 .Section 775.02 l(4)(b), Florida Statutes (2006), provides that it is
 

 [t]he intent of the Legislature [to impose a conviction] and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity ... to determine legislative intent. Exceptions to this rule of construction are:
 

 1. Offenses which require identical elements of proof.
 

 2. Offenses which are degrees of the same offense as provided by statute.
 

 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.