DAVIS, J.
Appellant, Garnett Melton, argues on appeal that the trial court erred in denying his motion to suppress and that his convictions and sentences for the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver methamphetamine in violation of section 893.13, Florida Statutes, (Count 1) and trafficking in methamphetamine in violation of section 893.135, Florida Statutes, (Count 2) violated his constitutional protection against double jeopardy. We find no error with the trial court’s ruling on Appellant’s motion to suppress. We do, however, agree that Appellant could not be convicted on Counts 1 and 2 when the underlying conduct, i.e., possession, was the same for both offenses. See Gibbs v. State, 698 So.2d 1206, 1210 (Fla.1997) (“[I]f prosecution is for the same conduct under both statutes [sections 893.13 and 893.135], a conviction under more than one of the statutes is a violation of double jeopardy principles.”); Williamson v. State, 859 So.2d 553, 554 (Fla. 1st DCA 2003) (“We conclude that the defendant’s convictions for both trafficking in cocaine and possession of cocaine with intent to sell violate the double jeopardy clause of the Fifth Amendment .... ”); see also Howard v. State, 916 So.2d 824, 824-25 (Fla. 2d DCA 2005) (holding that the appellant could not be convicted and sentenced for possession of methamphetamine and trafficking and noting that “[w]here, as here, the trafficking, offense is based on possession, the conduct element is the same for both trafficking and possession”). We reject the State’s argument that the language “notwithstanding the provisions of s. 893.13” found in section 893.135 requires a different result.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND with instructions that the trial court vacate Appellant’s conviction on Count 1.
PADOVANO and ROWE, JJ., concur.