BENTON, C.J.
On direct appeal, James Tyler, III, argues that his convictions both for the sale of cocaine and marijuana contrary to section 893.13(1), Florida Statutes (2010), and for possession of the same cocaine and marijuana contrary to section 893.13(6), Florida Statutes (2010), violated constitutional protections against double jeopardy. He also challenges the facial constitutionality of section 893.13. We affirm all four convictions.
Turning first to the second point appellant raises, we are guided by a recent decision of our supreme court that definitively construed the Florida Comprehensive Drug Abuse Prevention and Control Act, section 893.13, Florida Statutes (2011), and rejected the same constitution *548 al challenge to the same provisions (albeit of the 2010 version of the statute) that the appellant makes here. See State v. Adkins, 96 So.3d 412, 416 (Fla.2012) (“The statute thus expressly eliminates knowledge of the illicit nature of the controlled substance as an element of controlled substance offenses and expressly creates an affirmative defense of lack of knowledge of the illicit nature of the substance. The statute does not eliminate the element of knowledge of the presence of the substance.”). See also Flagg v. State, 74 So.3d 138, 140 (Fla. 1st DCA 2011), review denied, 104 So.3d 1083 (Fla.2012). Our supreme court’s holding that “the Legislature’s decision to make the absence of knowledge of the illicit nature of the controlled substance an affirmative defense is constitutional,” Adkins, 96 So.3d at 423, resolves appellant’s facial challenge in the present case.
In the first point he raises, appellant contends that (even if each offense has no constitutional infirmity, standing alone) convictions and sentences for both sale and possession of the same cocaine and marijuana violate double jeopardy protections. State and federal double jeopardy clauses protect against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction and, in keeping with the ancient maxim, nemo bis eodem delicto punitur, multiple punishments for the same offense. The Fifth Amendment’s double jeopardy clause provides that no person shall be “subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const. Amend. V. See United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536 81 L.Ed.2d 425 (1984) (citing Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)); see also Art. I, § 9, Fla. Const.; Valdes v. State, 3 So.3d 1067, 1069 (Fla.2009) (explaining that double jeopardy “prohibits subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense”). Our supreme court has said that “if prosecution is for the same conduct under both statutes, a conviction under more than one of the statutes is a violation of double jeopardy principles.” Gibbs v. State, 698 So.2d 1206, 1210 (Fla.1997).
But the double jeopardy clause does not preclude multiple convictions based on the same transaction or conduct where the Legislature has proscribed multiple crimes of each of which some specified conduct is but an element. See Hayes v. State, 803 So.2d 695, 699 (Fla.2001). “[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.” Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See also § 775.021, Fla. Stat. (2010) (codifying the Blockburger test to require that, without regard to pleadings or proof, each separate offense contain an element that another offense does not, in order to constitute multiple offenses).[1] “Legislative intent is the polestar that guides our analysis in double jeopardy issues[.]” State v. Anderson, 695 So.2d 309, 311 (Fla.1997).
In arguing that his convictions amount to double jeopardy violations, appellant relies principally on Melton v. State, 73 So.3d *549 296, 297 (Fla. 1st DCA 2011) (holding that “convictions and sentences for the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver methamphetamine in violation of section 898.13, Florida Statutes, (Count 1) and [for] trafficking in methamphetamine in violation of section 893.135, Florida Statutes, (Count 2) violated [the] constitutional protection against double jeopardy”). Our supreme court also found a double jeopardy violation where convictions both for trafficking under section 893.135, Florida Statutes, and for possession of a controlled substance with intent to sell under section 893.13(1), Florida Statutes,[2] arose from the same facts. See Johnson v. State, 712 So.2d 380, 381 (Fla.1998).
Early on our supreme court decided that convictions for sale and “simple possession” (possession of less than a trafficking amount without intent to sell, manufacture or deliver) of the same controlled substance did not transgress double jeopardy prohibitions. See State v. McCloud, 577 So.2d 939, 940-41 (Fla.1991) (accepting the state’s argument that “the crime of possession does not require sale as an element” and stating that “a sale can occur without possession” because “possession is not an essential element of sale”). The McCloud court grounded its decision on a straightforward Blockburger analysis. Focusing on the fact that the same statutory subsection that makes sale a criminal offense outlaws “possession with intent to sell,” § 893.13(l)(a), Fla. Stat., however, our supreme court later ruled in Paccione v. State, 698 So.2d 252, 254 (Fla.1997):
While possession with the intent to sell contains an element that possession does not, the converse is not true. Simple possession contains no element not found in possession with the intent to sell. Therefore, under section 775.021(4)(a), Florida Statutes (1993), we find that the legislature did not intend to punish the offense of possession with the intent to sell separately from and in addition to the offense of simple possession. ...
... In McCloud, we found that each offense contained an element that the other did not. We reasoned that “the crime of sale does not require possession as an element, and the crime of possession does not require sale as an element.” McCloud, 577 So.2d at 940. Therefore, pursuant . to section 775.021(4)(a), Florida Statutes (Supp. 1988), there was no double jeopardy violation. As we have previously stated, a double jeopardy violation occurred in this case because each offense required knowing possession, and the simple possession statute did not contain any element not contained in the possession-with-intent-to-sell statute.
Paccione thus proceeded on the premise that possession with intent to sell, on the one hand, and the actual sale, on the other, of the same illicit substance should be viewed, not as alternative ways in which section 893.13(l)(a) could be violated, but as two separate crimes, albeit proscribed by the same, undivided subsubsection of the statute.[3] In State v. Oliver, 581 So.2d *550 1304, 1305 (Fla.1991), indeed, our supreme court explicitly held that “a trial court may properly convict and sentence for both” sale and possession with intent to sell the same cocaine.
Not dissimilarly, the supreme court has ruled that convictions for possession with intent to sell, and for trafficking in, the same cocaine violate the double jeopardy proscription, but only where the trafficking conviction turns on proof of possession of the trafficking amount.[4] See Johnson, 712 So.2d at 381 (“[W]hen we compare the possession component of the trafficking statute to the companion crime of possession with intent to sell, we find that while the latter offense contains a statutory element not found in the former, i.e., intent to sell, the reverse is not true.”); see also State v. Williams, 731 So.2d 635, 637 (Fla.1998); Gibbs, 698 So.2d at 1209; Melton, 73 So.3d at 297; Williamson v. State, 859 So.2d 553, 554 (Fla. 1st DCA 2003); Ford v. State, 749 So.2d 570, 571 (Fla. 5th DCA 2000). In the seminal Johnson opinion, the court focused on a single branch of the trafficking statute, the so-called “possession component,” to the exclusion of other statutory language not invoked in the charging instrument. See Johnson, 712 So.2d at 381 (holding that “the court must focus on the particular component of the statute that is in issue”).
By limiting its analysis to the “possession component” of the trafficking statute (section 893.135), thereby holding in Johnson that any “alternative conduct” which could also prove trafficking under section 893.135 need not be considered in double jeopardy analysis, the supreme court seemed to take “the accusatory pleading”[5] *551 if not “the proof adduced at trial” into account. Whether the approach in Johnson, mirroring the approach in Paccione, can be said to comport with section 775.021(4)(a)’s requirement that statutory-offenses be considered “without regard to the accusatory pleading or the proof adduced at trial,” see generally State v. Baker, 456 So.2d 419, 420 (Fla.1984) (“In determining whether separate convictions may flow from a single event one looks at the statutory elements of the charged crimes, as opposed to the language of the charging document”), we need not tarry to ponder, given the supreme court’s clear direction that sale (as opposed to possession with intent to sell) and simple possession should be viewed as separate crimes.
In short, we are bound by the McCloud line of decisions involving the same statutory provisions at issue here. See Portee v. State, 447 So.2d 219, 220 (Fla.1984); Thomas v. State, 61 So.3d 1157, 1157 (Fla. 1st DCA 2011); St. Fabre v. State, 548 So.2d 797, 800 (Fla. 1st DCA 1989). Under this line of authority, where a defendant has been convicted of simple possession of a controlled substance and sale of the same substance, in violation of applicable subsections of section 893.13, Florida Statutes (2010), double jeopardy prohibitions have not been violated. Our supreme court has so held.
Affirmed.
DAVIS and ROBERTS, JJ., concur.

. Section 775.021(4)(a), Florida Statutes (2010), provides: "... For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.”

. Section 893.13(l)(a), Florida Statutes (2010), under which appellant was charged, provides:
Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.

. In other contexts, the courts have distinguished between different crimes, proscribed by different statutory provisions, and different methods of committing a "single statutory offense”:
When a single statutory offense describes multiple alternative acts, each of which is prohibited, each separate prohibited act *550 does not constitute a separate offense for double jeopardy purposes since there is but one statutory offense. Therefore a charge that an accused has violated a specific criminal statute results in jeopardy as to all alternative acts that could have been alleged and proved to have constituted a violation of the statute although the accusato-rial pleading described but one of many alternative factual events proscribed in the one statute. Thus if one is tried for aggravated battery by committing a battery with a deadly weapon, § 784.045(l)(b), Fla. Stat. (1979), and is convicted or acquitted, he cannot thereafter be tried as to the same factuál event for aggravated battery by committing a battery causing great bodily harm. § 784.045(l)(a), Fla. Stat. (1979). The alternative prohibited factual events set forth as subsections or alternatives in one criminal statute, constitute but one offense for which an accused cannot be twice placed in jeopardy because the legislature has chosen as a matter of form to make several distinguishable acts violative of but one statutory offense.
Bartee v. State, 401 So.2d 890, 893 (Fla. 5th DCA 1981). See Maxwell v. State, 803 So.2d 815, 820 (Fla. 5th DCA 2001) ("[T]wo convictions for aggravated battery which are based on alternative means provided for in the statute for committing this offense were error. Here Maxwell was convicted of two counts of aggravated battery, one causing great bodily harm and the other for use of a deadly weapon. But the acts were perpetrated by Maxwell on the same victim at the same time. Only one conviction can stand.”).

. Section 893.135(l)(b) 1., Florida Statutes (2010), provides:
Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, as described in s. 893.03(2)(a)4., or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as "trafficking in cocaine,” punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. In the present case, appellant was charged by amended information as follows:
WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that JAMES TYLER, III, in Alachua County, Florida, March 10, 2011, did then and there unlawfully and for a valuable consideration sell and deliver to *551 AN UNDERCOVER OFFICER a controlled substance, to-wit: CRACK COCAINE, contrary to Section 893.13(Z )(a)(Z), Florida Statutes. (L5, F2)
COUNT II: And WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, further alleges, by information that JAMES TYLER, III, in Alachua County, Florida, on or about March 10, 2011, did then and there unlawfully and knowingly for a valuable consideration sell and deliver to an undercover officer cannabis, contrary to Section 893.13(I)(a)(2) Florida Statu[t]es. (L3, F3)
COUNT III: And WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, further alleges, by information that JAMES TYLER, III, in Alachua County, Florida, on or about March 10, 2011, did then and there unlawfully have in HIS actual or constructive possession a controlled substance, to-wit: CRACK COCAINE, contrary to 893.13(6)(a), Florida Statutes. (L3, F3)
COUNT IV: And WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, further alleges, by information that JAMES TYLER, III, in Alachua County, Florida, on or about March 10, 2011, was unlawfully in actual or constructive possession of a controlled substance named or described in Section 893.03(Z )(c), Florida Statutes, to-wit: not more than 20 grams of cannabis, contrary to Section 893.13(6)(b), Florida Statutes. [Ml]