IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANA DAVID JOHNSON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2441

Opinion filed November 14, 2014.

An appeal from the Circuit Court for Washington County.
Christopher N. Patterson, Judge.

Nancy A. Daniels, Public Defender, and Zachary F. Lawton, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

LEWIS, C.J.

Appellant, Dana David Johnson, appeals his convictions and sentences for the sale of cocaine and the manufacture of crack cocaine, arguing that the convictions violate the prohibition against double jeopardy because both offenses

are violations of section 893.13(1)(a), Florida Statutes.  For the following reasons, we affirm.

A double jeopardy violation constitutes fundamental error which may be raised for the first time on appeal.  Stowe v. State, 66 So. 3d 1015, 1016 (Fla. 1st DCA 2011).  In order to determine if a defendant's convictions violate double jeopardy, it must first be ascertained if the offenses were based on an act or acts that occurred within the same criminal transaction and/or episode.  Partch v. State, 43 So. 3d 758, 760 (Fla. 1st DCA 2010).  If the offenses occurred during the same transaction or episode, it must then be determined if the convictions were predicated on distinct acts.  Id.  If the offenses are not predicated on distinct acts and occurred within the same criminal episode, it must be decided if the offenses survive a "same elements" test as defined by section 775.021, Florida Statutes, which is commonly referred to as the Blockburger[1] analysis.  Id.  Section 775.021, Florida Statutes (2011), provides in part:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.  For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

---

[1] Blockburger v. United States, 284 U.S. 299 (1932).

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

Section 893.13(1)(a), Florida Statutes (2011), provides that "[i]t is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." The term "sell" means "to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value." Fla. Std. Jury Instr. (Crim.) 25.2. The term "manufacture" means the "production, preparation, propagation, compounding, cultivating, growing, conversion, or processing of a controlled substance, either directly or indirectly, by extraction from substances of natural origin, or independently by means of chemical synthesis . . . ." § 893.02(15)(a), Fla. Stat. (2011).

According to Appellant, the Legislature defined a "single statutory offense" in section 893.13(1)(a). We disagree. The plain language of the statute prohibits four different acts – the sale, manufacture, delivery, or possession with intent to

sell, manufacture, or deliver a controlled substance. Although Appellant cites State v. McCloud, 577 So. 2d 939 (Fla. 1991), on appeal, the case supports affirmance in this case. In McCloud, the supreme court addressed the certified question of whether convictions "based on the crimes of sale and possession (or possession with intent to sell) of the same quantum of contraband" violate the prohibition against double jeopardy. Id. at 940. In answering the question in the negative, the supreme court concluded that "because there are situations . . . where a sale can occur without possession, possession is not an essential element of sale and is therefore not a lesser-included offense." Id. at 941.

While Appellant attempts to distinguish McCloud on the basis that the defendant in that case was convicted of crimes under "two distinct subsections" of section 893.13 while he was convicted of two crimes under a single subsection, the certified question included the offense of possession with intent to sell, an offense prohibited by the same subsection of section 893.13 as the sale of a controlled substance. In Thomas v. State, 61 So. 3d 1157, 1158 (Fla. 1st DCA 2011), we rejected the appellant's argument that his convictions for selling cocaine within 1000 feet of a school and possession of cocaine with intent to sell within 1000 feet of a school, both violations of section 893.13(1)(c), violated the prohibition against double jeopardy. In doing so, we relied upon McCloud, reasoning that "[a]s the [certified] question is worded and answered in *McCloud*, the instant convictions

would not constitute double jeopardy." <u>Id.</u> at 1158-59; <u>see also</u> <u>State v. Oliver</u>, 581 So. 2d 1304, 1305 (Fla. 1991) (relying on <u>McCloud</u> in holding that convictions for possession with intent to sell cocaine and sale of cocaine did not violate the prohibition against double jeopardy); <u>McMullen v. State</u>, 876 So. 2d 589, 590 (Fla. 5th DCA 2004) (citing <u>McCloud</u> in support of its holding that the offenses of sale of cocaine within 1000 feet of a place of worship and possession of cocaine with the intent to sell or deliver within 1000 feet of a place of worship, both violations of section 893.13(1)(e)1, did not violate the prohibition against double jeopardy); <u>Huey v. State</u>, 722 So. 2d 286, 286 (Fla. 5th DCA 1998) ("There is no double jeopardy violation when a defendant is convicted of the crime of delivery of a controlled substance and possession with intent to sell the same substance, because each crime contains an element that the other does not.").

Based upon the foregoing authorities and the fact that the offenses at issue in this case each contain an element that the other does not, we reject Appellant's argument that his convictions violate the prohibition against double jeopardy. We, therefore, AFFIRM.

SWANSON, J., CONCURS; BENTON, J., CONCURS WITH OPINION.

BENTON, J., concurring in the judgment.

As the majority opinion explains, a necessary, preliminary inquiry is whether distinct acts were charged and proven. Where one act constitutes one crime and another act constitutes another, no double jeopardy problem arises. In the present case, a confidential informant approached the appellant, gave him $60, and received cocaine powder in exchange. Only thereafter did the appellant "cook" some of the powder, rendering it crack cocaine, and hand the crack cocaine (back) to the informant. In my view, appellant has not shown why the state was not entitled to view the sale and the "manufacturing" as distinct acts.