THOMAS, J.
In 1994, Appellant was convicted of kidnapping and multiple counts of sexual battery of a victim involving multiple perpetrators. According to the trial court’s order denying relief on Appellant’s double jeopardy claims, and the portions of trial tran *967 scripts attached thereto, Appellant and another person abducted the victim while she was walking home late one evening. Appellant and his co-perpetrator forced the victim into their car, with Appellant repeatedly battering and threatening to kill her, grabbing her by her throat and otherwise terrorizing her. Appellant committed multiple sexual batteries against the victim in the car and forced her to perform oral sex on the co-perpetrator. The victim testified that Appellant also took her money and valuables after forcing her to remove her clothing.
Appellant then forced the victim to his home, where he repeatedly committed sexual batteries against her, telling her to “stop fighting it.” He repeatedly told the victim he would kill her if she made any noise or attempted to escape. After several sexual batteries, he wrapped the victim in a sheet and forced her to sleep next to him, so he could tell if she attempted to escape; she did, and Appellant struck her in the head and again threatened her. He then committed another sexual battery against her the following morning.
In 1995, Appellant was convicted of the following seven counts: Count 1, Kidnapping; Count 3, Aiding and Abetting Sexual Battery by Multiple Perpetrators: Threat of Force Likely To Cause Serious Personal Injury; Count 4, Sexual Battery by Multiple Perpetrators: Threat of Force Likely to Cause Serious Personal Injury: 5) Aiding and Abetting Sexual By Multiple Perpetrators: Threat of Force Likely to Cause Serious Personal Injury; Count 6, Sexual Battery: Threat of Force Likely to Cause Serious Personal Injury; Count 7, Sexual Battery: Threat of Force Likely to Cause Serious Personal Injury; and Count 8, Sexual Battery: Threat of Force Likely to Cause Serious Personal Injury. The jury acquitted Appellant of Count 2, Robbery.
The trial court sentenced Appellant to life in prison for Counts 1, 3, 4, 5 and 6, all to be served concurrently, and 30 years’ imprisonment for Counts 6, 7 and 8, with each sentence to be served consecutively to the sentences of life imprisonment. This court affirmed Appellant’s convictions and sentences. George v. State, 668 So.2d 606 (Fla. 1st DCA 1996).
Appellant filed a challenge to his convictions and sentences, claiming he was unconstitutionally sentenced “six times for a single offense.” Specifically, Appellant claims his multiple punishments violate the Double Jeopardy Clause of the United States Constitution, asserting that his “conviction(s) and sentence(s) for eount(s) III through VIII ... violate the double jeopardy clause because they- constitute multiple punishment (sic) for the same offense(s).”
In a very thorough order, the trial court properly denied relief. Double jeopardy challenges to a defendant’s convictions are not cognizable in a rule 3.800(a) motion. See State v. Williams, 854 So.2d 215 (Fla. 1st DCA 2003). Here, Appellant is attempting to challenge his convictions, not his sentences, because “although couched as an attack on his sentences, [the appellant’s claims are] inherently attacking his convictions because correcting the alleged double jeopardy violation would require vacating an underlying conviction.” Coughlin v. State, 932 So.2d 1224, 1226 (Fla. 2d DCA 2006). Thus, Appellant’s claims are not cognizable in a rule 3.800(a) motion, as they are procedurally barred. Cf. Seward v. State, 937 So.2d 767 (Fla. 5th DCA 2006) (holding that double jeopardy challenge to sentences imposed for sale and possession of cocaine was not cognizable in 3.800(a) motion as it was a challenge to convictions, and required an evidentiary hearing to determine factual matters).
*968 Even if Appellant’s claims were not barred, which they are, the Florida Supreme Court and this Court have held that multiple punishments for separate and distinct acts of sexual battery during a single criminal episode are not barred by double jeopardy principles. Roberts v. State, 39 So.3d 372 (Fla. 1st DCA 2010), sub nom. State v. Drawdy, 136 So.3d 1209 (Fla. 2014); State v. Meshell, 2 So.3d 132, 135 (Fla.2009). The case before us illustrates the rationale of this principle: over a period of hours and at two separate locations, Appellant repeatedly committed acts of sexual violence against the victim, all while threatening to kill or inflict serious personal injury on her should she resist. In addition, Appellant aided and abetted another person in committing sexual battery against the victim. Appellant was properly convicted and sentenced for his multiple and brutal crimes committed against the victim during this horrendous criminal episode.
AFFIRMED.
LEWIS and ROWE, JJ., concur.