# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1854
Lower Tribunal No. F97-31824C
_____

**Fernando Sotolongo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Fernando Sotolongo, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed.  See § 775.021(4)(a), Fla. Stat. (2023) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. . . .  [O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial."); Collins v. State, 369 So. 3d 1231, 1234 (Fla. 5th DCA 2023) ("[D]enial is appropriate where a legally sufficient motion is conclusively refuted by the record, provided that the court reviews the record and attaches relevant portions of the record to its order."); Smith v. State, 336 So. 3d 363, 364 (Fla. 1st DCA 2022) (holding 3.800(a) motion may not challenge "the procedure leading to [defendant's] sentence"); George v. State, 213 So. 3d 966, 967 (Fla. 1st DCA 2015) ("[Double jeopardy] claims are not cognizable in a rule 3.800(a) motion, as they are procedurally barred."); Jackson v. State, 29 So. 3d 1152, 1154 (Fla. 2d DCA 2010) ("[A]n upward departure sentence without written reasons . . . claim is not cognizable under rule 3.800(a)."); see also Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002) ("[T]he 'tipsy coachman' doctrine[] allows an appellate court to affirm a trial court that 'reaches the right result, but for the

2

wrong reasons' so long as 'there is any basis which would support the judgment in the record.'") (quoting <u>Dade Cnty. Sch. Bd. v. Radio Station WQBA</u>, 731 So. 2d 638, 644–45 (Fla. 1999)); <u>Brooks v. State</u>, 969 So. 2d 238, 241 (Fla. 2007) ("[N]ot all errors committed at a criminal sentencing require reversal.  The sentence may be affirmed if such errors are harmless.").